UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUKE'S STEAKHOUSE, INC.,

    Plaintiff,

v.                                                      Case No.: 8:11-cv-1324-T-24EAJ

CERTAIN INTERESTED
UNDERWRITERS at LLOYD'S LONDON
SUBSCRIBING TO POLICY #'S L10829 and
L13105,

    Defendants.

_____/

## **ORDER**

This cause comes before the Court on a Motion to Dismiss Count II of Plaintiff's Complaint filed by Defendants Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate Number L10829 and Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate Number L13105 (hereinafter collectively, "Defendants" or "Underwriters"). (Doc. No. 4). Plaintiff Duke's Steakhouse, Inc. has filed a response in opposition to the motion. (Doc. No. 8). For the reasons stated herein, the motion is granted, and Count II of Plaintiff's Complaint is dismissed without prejudice.

**I.    Background**

On June 15, 2011, Plaintiff Duke's Steakhouse filed a complaint against Underwriters. (Doc. No. 1). In its Complaint, Duke's Steakhouse alleges the following: On or about December 29, 2008, Underwriters issued Duke's Steakhouse insurance policies insuring certain real property owned by Duke's Steakhouse. Plaintiff's property was vandalized on three separate

occasions. Thereafter, Plaintiff submitted claims to Underwriters for the damage to the property from the vandalism, but Underwriters denied those claims.

On August 12, 2010, Duke's Steakhouse submitted to the Department of Financial Services, Bureau of Consumer Assistance, a Civil Remedy Notice of Insurer Violation alleging that Underwriters violated Florida Statutes Section 626.9541(i)3 a through h and Section 624.155(b)(1-3) by refusing to pay Plaintiff's claims. As of June 15, 2011, Underwriters had not paid any of Plaintiff's claims.

Plaintiff Duke's Steakhouse asserts two causes of action against Underwriters. In Count I, Duke's Steakhouse asserts a claim for breach of contract, alleging that Underwriters' denial of Plaintiff's claims was a breach of Underwriters' obligations under the insurance policies. In Count II, Duke's Steakhouse asserts a claim for unfair claim settlement practices, alleging that Underwriters failed to attempt in good faith to settle claims under the insurance policies.

Plaintiff Duke's Steakhouse seeks damages in excess of $75,000.

**II.     Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true,

to state a plausible claim for relief. *Id.* Where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.* at 1950. Furthermore, while the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. *Id.* at 1949. The door to discovery will not open for a plaintiff "armed with nothing more than conclusions." *Id.* at 1950.

However, regardless of the factual allegations, the court "may dismiss a complaint on a dispositive issue of law." *Acosta v. Campbell*, 309 Fed. Appx. 315, 318 (11th Cir. 2009). Dismissal is proper when "no construction of the factual allegations will support the cause of action." *Marshall Co. Bd. of Educ. v. Marshall Co. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**III. Discussion**

Defendants argue that Count II of Duke Steakhouse's Complaint should be dismissed for failure to state a claim upon which relief can be granted because a "bad faith" claim is premature until the underlying breach of contract action is resolved. In response, Plaintiff argues that Defendants' failure to respond within sixty days to the Civil Remedy Notice creates a presumption of bad faith.

The Court concludes that Defendants' motion to dismiss Count II is due to be granted. Florida Statutes Section 624.155(1)(b)1 provides a cause of action against insurers for "[n]ot attempting in good faith to settle claims." However, such a "bad faith" cause of action is "premature until there is a determination of liability and extent of damages" on the underlying contractual cause of action. *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000).

In Count I of the Complaint, Plaintiff alleges that Underwriters breached their obligations under the insurance policies by denying Plaintiff's claims. This Breach of Contract claim is pending before this Court and has not been resolved. Therefore, Count II of Plaintiff's Complaint is premature and must be dismissed without prejudice.

**IV. Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (Doc. No. 4) is **GRANTED**, and Count II is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of September, 2011.